UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARGELY MARTINEZ,

                             Petitioner,

          - against -

WILLIAM CONNELLY, Superintendent,

                             Respondent.
------------------------------------------------------------------x

09-CV-648 (CS) (PED)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Seibel, J.

      Before the Court are Petitioner Argely Martinez's Objections, dated September 19, 2011 (Doc. 24), to the Report and Recommendation ("R&R") of United States Magistrate Judge Paul E. Davison, dated July 5, 2011 (Doc. 20), recommending denial of Petitioner's Petition pursuant to 28 U.S.C. § 2254 (Doc. 1). Familiarity with the prior proceedings, the R&R, and the issues presented is presumed.

I.    Standard of Review

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return

-1-

the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)[1]; *accord Evans v. Ericole*, No. 06-CV-3684, 2008 WL 4861783, at *2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (internal quotation marks omitted)).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-6527, 2008 WL 4410131, at *2, 24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v.*

---

[1] Copies of all unreported opinions cited in this Memorandum Decision and Order will be provided to Petitioner.

*Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

II.   Petitioner's Objections

Petitioner objects only to Judge Davison's decisions on the merits as to his claims that: 1) the state trial court erroneously permitted evidence that Petitioner regularly carried a knife and had been violent toward his girlfriend in the past; and 2) the state trial court should have suppressed his statement to the police regarding the knife, as well as the knife itself.

With respect to the first claim, Judge Davison properly concluded that evidentiary rulings, even if erroneous, generally do not present constitutional questions cognizable via a *habeas* petition; that evidentiary questions raise constitutional concerns only if they amount to violations of due process; that an evidentiary error rises to that level only if so serious as to have denied Petitioner a fundamentally fair trial; and that that standard is met only where the erroneously admitted evidence was so critical as to have provided the basis for conviction or removed a reasonable doubt that otherwise would have existed. *See Collins v. Scully*, 755 F.2d 16, 18-19 (2d Cir. 1985). Judge Davison further properly interpreted Petitioner's argument as attempting to raise the strongest claim it suggested, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), and found that Petitioner had advanced only a state-law evidentiary claim, with no argument that the state court ruling rose to the level of a federal due process violation. In his objections Petitioner attempts to present such an argument, but the attempt fails, both because new arguments raised for the first time in objections and not presented to the Magistrate Judge cannot be considered, *see Gonzalez v. Garvin*, No. 99-CV-11062, 2002 WL 655164, at *1-2 (S.D.N.Y. Apr. 22, 2002), and because his arguments about the criticality of the disputed evidence are essentially conclusory. Petitioner has not established, in

light of the record as a whole, that the disputed evidence was "so extremely unfair that its admission violates fundamental conceptions of justice." *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998) (internal quotation marks omitted). Indeed, the evidence he challenges seems appropriately admitted on the issue of intent and to rebut the defense of justification. Further, there is no Supreme Court precedent, to which Petitioner has pointed or of which the Court is aware, to the effect that it would be violation of the federal Constitution to admit evidence such as that admitted in this case. Accordingly, it cannot be said that the trial court's admission of the evidence or the state appellate court's affirmation of that decision is contrary to or an unreasonable application of clearly established Supreme Court precedent. *See Cooley v. Superintendent, Auburn Corr. Facility*, No. 09-CV-6384T, 2011 WL 2651078, at *11 (W.D.N.Y. July 6, 2011).

With respect to the second claim, Judge Davison also properly found that the officer's questions to Petitioner fell within the public safety exception to the *Miranda* rule as enunciated in *New York v. Quarles*, 467 U.S. 649 (1984), and its progeny. I agree with Judge Davison that the record supports the trial judge's determination in that regard, and that the trial court's decision and the appellate court's affirmation thereof are not contrary to or an unreasonable application of federal law as set forth by the Supreme Court. Petitioner in his objections relies on *United States v. Reyes*, 249 F. Supp. 2d 277, 281-82 (S.D.N.Y. 2003), but that decision was reversed on appeal, *see United States v. Reyes*, 353 F.3d 148 (2d Cir. 2003).

This result is not changed by the Second Circuit's recent decision in *United States v. Simmons*, No. 10-1526-CR, 2011 WL 5067098 (2d Cir. Oct. 26, 2011). That decision makes clear that the officer's questioning of Petitioner without giving *Miranda* warnings, and the subsequent seizure of the knife, would be justified under the public safety exception to the Fifth

Amendment. *See id.* at *3-4. As Petitioner raises only a Fifth Amendment challenge to the admission of the statement, and to the seizure of the knife as fruit of the poisonous tree of the alleged Fifth Amendment violation, *Simmons* does not aid him. *Simmons* does hold that the seizure of the knife without a warrant, in the circumstances of that case, violated the Fourth Amendment, *see id.* at *4-6, but even if Petitioner had raised a Fourth Amendment claim, *Simmons* would not justify granting the Petition, for two reasons.

First, in *Simmons*, a large number of officers had secured the apartment; the officers had no reason to believe there was anyone else in the apartment; and indeed they had affirmative reason to believe that in fact there was nobody else in the apartment. *See id.* at *5-6. In this case, in contrast, only two officers were present; they (as the trial court found, *see* Doc. 6 at 93) did not know if anybody else was present in the residence; and a crowd was gathered just outside the open door of the residence. I am not convinced that in these circumstances, the *Simmons* Court would reach the same result. Indeed, one could argue that it would have been irresponsible for the officers *not* to have secured the weapon in this situation, lest a member of the crowd, which included the victims, enter the residence and attempt to exact revenge on Petitioner with the knife, or lest an ally of Petitioner enter the residence and attempt to use the knife against the officers or the victims or an ally of the victims. Second, in any event, *Simmons* is not Supreme Court authority, so it cannot be said that the trial court's admission of the evidence or the state appellate court's affirmation of that decision is contrary to or an unreasonable application of clearly established Supreme Court precedent.

As to the portions of the R&R to which Petitioner has not objected, I find no error, clear or otherwise.

<u>Conclusion</u>

Accordingly, I adopt the R&R as the decision of the Court. The Petition is dismissed with prejudice. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: November 3, 2011
     White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.